IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ANTHONY SMITH, Individually and On Behalf of Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>KILGORE MARINE SERVICES, LLC (formerly KILGORE OFFSHORE CREWBOATS, INC.) AND KILGORE OFFSHORE, INC.<br><br>   Defendants. | Civil Action No.:_____<br><br><br>**COLLECTIVE ACTION COMPLAINT** |

## **ORIGINAL COMPLAINT**

### **SUMMARY**

1. Plaintiff, Anthony Smith ("Smith" or "Plaintiff"), on behalf of himself and all others similarly situated, brings this lawsuit to recover unpaid overtime wages and other damages from Defendants Kilgore Marine Services, LLC (formerly Kilgore Marine Services, Inc., and formerly Kilgore Offshore Crewboats, Inc.), and Kilgore Offshore, Inc., ("Kilgore" or "Defendants") under the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 201 *et seq.*

2. Smith worked for the Defendant Kilgore Offshore, Inc. as a Deck Hand from approximately November 1, 2018 to June 15, 2020.

3. Smith and the other similarly situated employees who worked for Defendants in the last three years regularly worked more than 40 hours per workweek.

4. Smith, and the putative collective action members, never received overtime pay for the hours worked in excess of 40 hours in a single workweek.

5. Instead of receiving overtime as required by the FLSA, Defendants paid Smith, and

the putative collective action members, a flat amount for each day worked (a day-rate) without overtime compensation.

6. This collective action seeks to recover the unpaid overtime wages and other damages owed to Smith and the other similarly situated workers.

## JURISDICTION & VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal question under the FLSA.  20 U.S.C. § 216(b).

8. Venue is proper under 28 U.S.C. § 1391(b).

9. Defendant Kilgore Marine Services, LLC conducts substantial business operations in this District.

10. Defendant Kilgore Marine Services, LLC has its principal place of business within this District at 200 Beaullieu Drive, Lafayette, Louisiana as indicated by the Louisiana Secretary of State business entity database.

11. Defendant Kilgore Marine Services, LLC maintains a listed registered agent for service of process in Louisiana located at 200 Beaullieu Drive, Bldg. 8, Lafayette, Louisiana 70508 as indicated by the Louisiana Secretary of State business entity database.

12. Kilgore Offshore, Inc. is a Louisiana corporation with its principal place of business at 202 Saul Drive, Scott, Louisiana 70583.  Kilgore Offshore, Inc. may be served by serving its registered agent for service of process, Registered Agents, Inc., 5900 Balcones Drive, Suite 100, Austin, Texas 78731.  Kilgore Offshore, Inc. issued the payments to Plaintiff.

## PARTIES

13. Smith worked for the Defendants as a Deck Hand from approximately November 1, 2018 to June 15, 2020.

14. Throughout his employment with the Defendants, Smith was paid a day-rate with

no overtime compensation.

15. Smith's relationship with the Defendants was an employer/employee relationship.

16. Smith brings this action on behalf of himself and all other similarly situated employees who worked more than 40 hours in any given workweek who did not receive the proper overtime compensation.

17. Although these employees regularly worked more than 40 hours each week, Defendants paid these employees a flay amount for each day worked (a day-rate), regardless of the hours worked, and failed to pay overtime compensation in violation of the FLSA.

18. The similarly situated employees, or Putative Collective Action Members, sought to be certified is defined as follows:

> **All day-rate workers, employed as Deck Hands by, or working on behalf of, Defendant Kilgore Marine Services, LLC. or Kilgore Offshore, Inc. who worked in excess of 40 hours in any given workweek, and who were denied or not paid overtime compensation at any time during the past three (3) years (the "Putative Collective Action Members").**

19. The Putative Collective Action Members are easily ascertainable from the business and personnel records maintained by Defendants.

20. Kilgore Marine Services, LLC is a Limited Liability Company in Louisiana with its headquarters located at 200 Beaullieu Drive, Bldg. 8, Lafayette, Louisiana 70508.  Kilgore Marine Services, LLC may be served by serving its registered agent, Charles A. Kilgore, for service of process, at the same address.

21. Kilgore Offshore, Inc. is a Louisiana corporation with its principal place of business at 202 Saul Drive, Scott, Louisiana 70583.  Kilgore Offshore, Inc. may be served by serving its registered agent for service of process, Registered Agents, Inc., 5900 Balcones Drive, Suite 100, Austin, Texas 78731.  Kilgore Offshore, Inc. issued the payments to Plaintiff.

## COVERAGE UNDER THE FLSA

22. At all relevant times, Defendants have been employers within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

23. At all relevant times, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

24. At all relevant times, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). The Defendants have, and have had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools and equipment - that have been moved in or produced for commerce.

25. In each of the last three years, Defendants have had annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

26. At all relevant times, Smith and the Putative Collective Action Members were engaged in commerce or in the production of goods for commerce.

27. Defendants treated Smith and the Putative Collective Action Members as employees and uniformly dictated the pay practices applied to them.

28. Defendants' day-rate scheme, depriving Smith and the Putative Collective Action Members of overtime compensation for weeks in which they worked over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTUAL ALLEGATIONS

29. To provide services, Defendants hired personnel (similar to Smith) to work on their

behalf, including other Deck Hands.

30. During the relevant period, Smith worked for Defendants in excess of 40 hours a week for weeks at a time.

31. During the relevant period, Smith worked for Defendants on a day-rate basis.

32. During the relevant period, Smith was not paid overtime for the hours he worked for Defendants in excess of 40 hours each week.

33. Throughout his employment with Defendants, Smith regularly worked more than 40 hours each week without receiving overtime compensation. Instead, Defendants paid Smith a day-rate for each day worked, regardless of how many hours he worked in a day or week.

34. For example, in the week from June 8, 2020 through June 14, 2020, Smith worked approximately 84 hours and did not receive any overtime compensation.

35. Without the job performed by Smith, Defendants would not have been able to complete its business objectives.

36. Smith was economically dependent on Defendants and relied on Defendants for work and compensation.

37. Defendants dictated the amount and the type of compensation that Smith would receive.

38. Smith was not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform his job duties.

39. Smith was never paid a salary.

40. If Smith did not work in a week, he did not receive a guaranteed amount of at least $455.

41. Defendants knew Smith regularly worked overtime for weeks at a time.

42. Defendants' records reflect the fact that Smith regularly worked far more than 40 hours in most workweeks.

43. Defendants set Smith's schedule and compensation; supervised him; and required him to adhere to strict guidelines, directives, and Defendants' policies and procedures.

44. The work Smith performed was an essential part of Defendants' core businesses.

45. Defendants uniformly denied, refused, or failed to pay Smith overtime compensation for the hours they worked in excess of 40 hours in a single workweek.

46. Smith was not exempt from overtime.

47. Defendants' day-rate policy violated the FLSA because it deprived Smith of overtime pay for the hours he worked in excess of 40 hours in a single workweek.

48. Defendants knew, or showed reckless disregard for whether, Smith was not exempt from the FLSA's overtime provisions.

49. Defendants knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

50. The overtime owed to Smith will be calculated using the Defendants' records.

51. Smith sustained damages arising out of Defendants' illegal and uniform employment policy.

52. Defendants are liable under the FLSA for failing to pay overtime to Smith.

53. Consistent with Defendants' illegal day-rate policy, Smith was not paid the proper premium overtime compensation when he worked more than 40 hours in a workweek.

54. As part of its regular business practices, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Smith.

55. Defendants' illegal day-rate policy deprived Smith of the premium overtime wages

owed to them under federal law.

56. Defendants were aware, or should have been aware, that the FLSA required them to pay Smith for all hours worked in excess of 40 hours per workweek.

## COLLECTIVE ACTION ALLEGATIONS

57. Smith brings this claim as a collective action under the FLSA.

58. Based on his experiences with Defendants, Smith is aware that Defendants' illegal and unlawful practices and/or pay policies were imposed on the Putative Collective Action Members.

59. Smith's experiences are typical of the experiences of the Putative Collective Action Members.

60. Smith has no interest contrary to, or in conflict with, the Putative Collective Action Members that would prevent collective treatment.

61. The Putative Collective Action Members are similarly situated to Plaintiff Smith in all relevant respects.

62. The Putative Collective Action Members were victimized by Defendants' pattern, practice, and/or policy which was in willful violation of the FLSA.

63. To provide services, Defendants hired personnel (similar to the Putative Collective Action Members) to work on their behalf.

64. During the relevant period, the Putative Collective Action Members worked for Defendants in excess of 40 hours a week for weeks at a time.

65. During the relevant period, the Putative Collective Action Members worked for Defendants on a day-rate basis.

66. During the relevant period, the Putative Collective Action Members were not paid

overtime for the hours they worked for Defendants in excess of 40 hours each week.

67. The Putative Collective Action Members reported directly to Defendants' management-level employees.

68. Throughout their employment with Defendants, the Putative Collective Action Members regularly worked more than 40 hours each week without receiving overtime compensation. Instead, Defendants paid them a day-rate for each day worked, regardless of how many hours they worked in a day or week.

69. Without the job performed by the Putative Collective Action Members, Defendants would not have been able to complete its business objectives.

70. The Putative Collective Action Members were economically dependent on Defendants and relied on Defendants for work and compensation.

71. Defendants dictated the amount and the type of compensation that the Putative Collective Action Members would receive.

72. The Putative Collective Action Members were not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

73. The Putative Collective Action Members were never paid a salary.

74. If the Putative Collective Action Members did not work in a week, they did not receive a guaranteed amount of at least $455.

75. Defendants knew the Putative Collective Action Members regularly worked overtime for weeks at a time.

76. Defendants set the Putative Collective Action Members' schedules and compensation; supervised them; and required them to adhere to strict guidelines, directives, and

Defendants' policies and procedures.

77. The work the Putative Collective Action Members performed was an essential part of Defendants' core businesses.

78. Defendants uniformly denied, refused, or failed to pay the Putative Collective Action Members overtime compensation for the hours they worked in excess of 40 hours in a single workweek.

79. The Putative Collective Action Members were not exempt from overtime.

80. Defendants' day-rate policy violated the FLSA because it deprived the Putative Collective Action Members of overtime pay for the hours they worked in excess of 40 hours in a single workweek.

81. Defendants knew, or showed reckless disregard for whether, the Putative Collective Action Members were not exempt from the FLSA's overtime provisions.

82. Defendants knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

83. The overtime owed to the Putative Collective Action Members will be calculated using the Defendants' records and the same formulae that applies to Smith.

84. The Putative Collective Action Members sustained damages arising out of Defendants' illegal and uniform employment policy.

85. Defendants are liable under the FLSA for failing to pay overtime to the Putative Collective Action Members.

86. Consistent with Defendants' illegal day-rate policy, the Putative Collective Action Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

87. As part of its regular business practices, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to the Putative Collective Action Members.

88. Defendants' illegal day-rate policy deprived the Putative Collective Action Members of the premium overtime wages owed to them under federal law.

89. Defendants were aware, or should have been aware, that the FLSA required them to pay the Putative Collective Action Members for all hours worked in excess of 40 hours per workweek.

90. A collective action is superior to other available means for fair, efficient, and consistent adjudication of the lawsuit.

91. Absent a collective action, many of the Putative Collective Action Members would not obtain redress for their injuries, and Defendants would reap the unjust benefits of violating the FLSA.

92. Further, even if some of the Putative Collective Action Members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

93. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Collective Action Members, as well as provide judicial consistency.

94. The questions of law and fact that are common to each Putative Collective Action Member predominate over any questions affecting solely the individual members.

95. Among the common questions of law and fact are:

    a. Whether Defendants employed the Putative Collective Action Members within the meaning of the FLSA;

    b. Whether Defendants' decision to not pay overtime compensation to

these workers was made in good faith;

  c. Whether the Defendants' violation of the FLSA was willful; and

  d. Whether Defendants' illegal and unlawful practices applied to the Putative Collective Action Members.

96. Smith knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

97. Even if the issue of damages were somewhat individualized in character, the damages can be calculated by reference to Defendants' records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

98. There are many similarly situated Putative Collective Action Members who have been denied, refused, or not paid overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

99. This notice should be sent to the Putative Collective Action Members pursuant to 29 U.S.C. § 216(b).

100. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendant's records.

## CAUSE OF ACTION
## VIOLATION OF THE FLSA

101. Smith realleges and incorporates by reference all allegations in preceding paragraphs.

102. Smith brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

103. Defendants violated, and continue violating, the FLSA by failing to pay Smith and the Putative Collective Action Members overtime compensation.

104. Smith and the Putative Collective Action Members were Defendants' employees

for purposes of the FLSA overtime requirements.

105. Defendants were Smith's, and the Putative Collective Action Members', employers under the FLSA. Defendants suffered or permitted Smith and the Putative Collective Action Members to work for, or on, its behalf during the relevant period.

106. Defendants cannot meet its burden to demonstrate that Smith or the Putative Collective Action Members are exempt from overtime under the administrative exemption.

107. Defendants cannot meet its burden to demonstrate that Smith or the Putative Collective Action Members are exempt from overtime under the executive exemption.

108. Defendants cannot meet its burden to demonstrate that Smith or the Putative Collective Action Members are exempt from overtime under the professional exemption.

109. Defendants cannot meet its burden to demonstrate that Smith or the Putative Collective Action Members are exempt from overtime under the highly compensated exemption.

110. Defendants cannot meet its burden to demonstrate that Smith or the Putative Collective Action Members are exempt from overtime under the seamen exemption.

111. Defendants failed to pay Smith and the Putative Collective Action Members overtime as required by the FLSA.

112. Defendants paid Smith and the Putative Collective Action Members a day-rate.

113. Defendants knowingly, willfully, or in reckless disregard, carried out this illegal pattern or practice of failing to pay Smith and the Putative Collective Action Members overtime compensation.

114. Defendants' failure to pay overtime compensation to Smith and the Putative Collective Action Members was neither reasonable, nor was the decision not to pay overtime made in good faith.

115. Accordingly, Smith and the Putative Collective Action Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times his rate of pay, plus liquidated damages, attorney's fees and costs.

## PRAYER

**WHEREFORE**, Plaintiff Anthony Smith, individually and on behalf of the Putative Collective Action Members, demands judgment against Defendants and respectfully requests that this Honorable Court grant the following relief:

a. An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Putative Collective Action Members to permit them to join this action by filing a written notice of consent;

b. A judgment against Defendants awarding Smith and the Putative Collective Action Members the unpaid overtime compensation owed to them and an additional, equal amount, as liquidated damages;

c. Declaratory judgement that the practices complained of in this Complaint are unlawful under the FLSA;

d. An Order awarding attorneys' fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate under applicable law and in the Court's discretion.

Respectfully submitted:

By: /s/ Philip Bohrer
    Philip Bohrer  (#14089)
    phil@bohrerbrady.com
    Scott E. Brady (#24976)
    scott@bohrerbrady.com
    **BOHRER BRADY, LLC**
    8712 Jefferson Highway, Suite B
    Baton Rouge, Louisiana  70809
    Telephone: (225) 925-5297
    Facsimile: (225) 231-7000

-and-

Gabriel A. Assaad (*to be admitted PHV*)
Texas Bar No. 24076189
gassaad@mcdonaldworley.com
Matthew S. Yezierski (*to be admitted PHV*)
Texas Bar No. 24076989
matt@mcdonaldworley.com
**McDonald Worley, PC**
1770 St. James St., Suite 100
Houston, TX 77056
Telephone: (713) 523-5500
Facsimile: (713) 523-5501

**ATTORNEYS FOR PLAINTIFF**